a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LUKMAN KASSIMU,<br>Petitioner | CIVIL ACTION NO. 1:18-CV-80-P |
| VERSUS | JUDGE DEE D. DRELL |
| JEFFERSON SESSIONS, ET AL.,<br>Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Lukman Kassimu ("Kassimu") (A#045549199). Kassimu is an immigration detainee in the custody of the Department of Homeland Security/U.S. Immigration and Customs Enforcement ("DHS/ICE"). He is being detained at the LaSalle Detention Center in Jena, Louisiana.

Because Kassimu failed to comply with the Court's order to supplement and amend his petition, the case should be dismissed pursuant to Rule 41 of the Federal Rules of Civil Procedure.

I. **Background**

Kassimu is a native and citizen of Ghana. Kassimu claims that Ghana has refused to accept him into the country, and Kassimu's petition references an attachment that supports Kassimu's allegation. (Doc. 1, p. 7). However, Kassimu failed to submit the referenced document. Kassimu was ordered to supplement his petition with a copy of the document showing that Ghana has refused to accept him,

or provide other support for his claim that his removal is unlikely in the reasonably foreseeable future. (Doc. 3).

## II. Law and Analysis

Kassimu has failed to comply with the Court's order or seek an extension of time within which to comply. A district court may dismiss an action for a plaintiff's failure to prosecute or to comply with any order. Fed. R. Civ. P. 41(b). A court possesses the inherent authority to dismiss the action *sua sponte,* without a motion by a defendant. See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Id. at 629-630.

## III. Conclusion

Because Kassimu has failed to comply with the Court's order (Doc. 3), IT IS RECOMMENDED that his petition be DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil Procedure

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned

is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __17th__ day of April, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge